UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.: 03-MJ-0466-RBC |
| ) | |
| WILLIAM KOVACS, ) | |
| Defendant ) | |

## AFFIDAVIT IN SUPPORT OF RULE 40 PROCEEDING

I, Thomas A. Porro, Jr., Special Agent with the United States Department of Commerce's Office of Export Enforcement, do hereby make oath before the Honorable Robert B. Collings, United States Magistrate Judge for the District of Massachusetts, that upon knowledge coming to me in connection with my official duties and as part of the official records of my office, I am advised that there is presently outstanding a warrant of arrest for one William Kovacs on an Indictment filed in the District of Columbia charging the defendant with conspiracy in violation of Title 18 U.S.C. § 371 and Failure to Obtain an Export License, in violation of Title 50 U.S.C. § 1705 and 15 C.F.R. §§ 736.2(b)(5), 744.3, 764.2(a), (b) and (e) and 764.3(b), and I do hereby make oath that this warrant of arrest is outstanding in said District on the basis of the information set out above.

Thomas A. Porro, Jr.
Special Agent
U.S. Department of Commerce

Subscribed and sworn to before me this ____ day of November, 2003

Robert B. Collings
United States Magistrate Judge

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
United States Courthouse, - Suite 6420
1 Courthouse Way
Boston, MA 02210

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED IN OPEN COURT**

Holding a Criminal Term

NOV 1 3 2003

Grand Jury Sworn in on March 3, 2003

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO.: 03-503 |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| | : | VIOLATIONS: |
| WILLIAM KOVACS, | : | |
| ELATEC TECHNOLOGY CORP., INC., | : | 18 U.S.C. § 371 |
| | : | (Conspiracy to Commit Offense Against |
| | : | United States) |
| Defendants. | : | 50 U.S.C. §§ 1701, 1705 |
| | : | (International Emergency Economic |
| LEON, J. RJL | : | Powers Act) |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting) |
| | : | 15 C.F.R. §§ 736.2(b)(5), 744.3, 764.2(a), |
| | : | (b), (e), 764.3(b) |
|  | : | (Export Administration Regulations) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

At all times material to the Indictment:

1. Defendant WILLIAM KOVACS ("KOVACS") was the owner and president of defendant ELATEC TECHNOLOGY CORP., INC.

2. Defendant ELATEC TECHNOLOGY CORP., INC. ("ELATEC"), a Massachusetts corporation, incorporated in 1989, engaged, in the United States and elsewhere, in the business of manufacturing industrial furnaces, smelters, and similar types of equipment.

3. A conspirator, not indicted herein but referred to hereafter as "foreign trading company," was engaged in the business of distributing industrial furnaces and other industrial equipment, in the People's Republic of China.

1

### The Licensing and Regulatory Structure

4.  The export of certain commodities that could be detrimental to the foreign policy or national security of the United States as governed by the International Emergency Economic Powers Act, Title 50, United States Code Sections 1701-1705, and the Export Administration Regulations, Title 15, Code of Federal Regulations, Sections 730-774. Pursuant to these statutes and regulations, persons engaged in the export of certain commodities were required to obtain export authorization from the United States Department of Commerce in Washington, D.C., if the person knows and has reason to know the commodity will be used in the design, development, production or use of missiles in and by a country listed in the regulations under Country Group D:4, which includes the People's Republic of China ("PRC"). There were no applicable license exceptions and the regulations directed that extra caution should be exercised when making any shipments to a country listed in Country Group D:4, including the PRC.

5.  Presidential Executive Order No. 12924 of August 19, 1994 (3 C.F.R., 1994 Comp. 197 (1995)), issued pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701-1705, and as continued by Federal Register Notices on August 15, 1995, August 14, 1996, August 13, 1997, August 13, 1998, August 10, 1999, August 3, 2000, and August 17, 2001, kept in full force and effect the Export Administration Act, Title 50, U.S.C. App. §§ 2401-2420, and all rules and regulations issued under the authority of the Export Administration Act.

### The Conspiracy

6.  From at least in or about November 1998, and continuing through in or about August 10, 2000, the exact dates being unknown to the Grand Jury, within the District of Columbia and elsewhere, the defendants KOVACS, ELATEC, and co-conspirator foreign trading company knowingly and willfully combined, conspired, confederated, and agreed with each other and others known and unknown, to commit offenses against the United States, that is:

2

    a)      failing to obtain from the United States Department of Commerce, located in the District of Columbia, a validated license required for the export of an industrial furnace, called a Pressvac or a Ceramvac with hot press options, to a research institute in the PRC affiliated with the Chinese aerospace and missile program, which are end-users of concern to the United States;

    b)      knowingly to export and cause to be exported an industrial furnace, called a Pressvac or a Ceramvac with hot press options from the United States to a restricted end-user in the PRC, and

    c)      knowingly to conceal the export of the industrial furnace to a restricted end-user in the PRC and to make false and misleading statements to the Department of Commerce and the United States Customs Service in connection with the export.

### Objects of the Conspiracy

7.    The objects of the conspiracy were to avoid export licensing requirements, to fail to obtain export licenses, to export without a license, and to conceal the export of an industrial furnace, called a Pressvac or a Ceramvac with hot press options, from the United States to a restricted end-user in the PRC.

### Manner and Means Used to Accomplish the Object of the Conspiracy

8.    The objects of the conspiracy were to be accomplished through the following manner and means, among others:

    a)      Conspirator foreign trading company arranged to purchase an industrial furnace, called a Pressvac, from defendants **KOVACS** and **ELATEC** on behalf of a research institute in the PRC affiliated with the Chinese aerospace and missile program, which

3

are end-users of concern to the United States government.

b) After receiving notification from the United States Department of Commerce that the export license for the industrial furnace would be denied because of the risk of diversion for missile design, development, production or use, defendants re-wrote the contract using a different Chinese end-user, deleting the intermediate consignee in the PRC, and inventing a different name for the furnace, now calling it a "Ceramvac with hot press options," although it had the same capability, measurements, and specifications as the Pressvac.

c) To further disguise the true end-user, defendant **KOVACS** told the employees at **ELATEC** that a "new customer" had been located, not to use the name of the original end-user when talking about the furnace, to complete paperwork using the name of the new end-user, never to call the furnace a Pressvac, and not to apply for an export license because no license would be required.

d) When a team of engineers from the original end-user came to **ELATEC** in May 1999 for a witness visit of the furnace prior to delivery in the PRC, defendants disguised their true identity by telling **ELATEC** employees that the engineers were from the false "new customer" and by creating false documentation.

e) When the furnace was shipped, defendants omitted the names of any end-user in the PRC, as well as any name of an intermediate consignee on the shipping documents falsely labeled the furnace a Ceramvac, and classified the shipment as no license required.

f) None of the co-conspirators obtained export license(s) for the shipment to the PRC.

g) Defendant **KOVACS** further instructed an employee to commit perjury in a Massachusetts grand jury on August 10, 2000, directing the employee to testify falsely that the purpose of the May 1999 visit to **ELATEC** by a team of engineers from the original end-user was related to future sales.

### Overt Acts

9. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the defendants and other co-conspirators committed the following overt acts, among others, within the District of Columbia and elsewhere.

a) On November 23, 1998, after receiving notification from the United States Department of Commerce that an export license for an industrial furnace, called a Pressvac, would be denied because the end-user posed an unacceptable risk of diversion for missile design, development, production or use, co-conspirator foreign trading company sent a facsimile to **ELATEC** reporting the "good news" that a "new customer" wanted to buy a vacuum hot press.

b) On December 11, 1998, defendants signed a contract to sell a furnace called a "Ceramvac with hot press options" to the "new customer."

c) In May 1999, defendants covered up the true identity of engineers from the original customer who had traveled to **ELATEC** to "witness test" the furnace, which is standard operating procedure before final shipment, by falsely describing them in correspondence, employee meetings, and a training agenda, as engineers from the "new customer."

 d) On or about July 20, 1999, defendant ELATEC exported to the original customer, the restricted end-user in the PRC, a "Ceramvac" which had the same capability, measurements, and specifications as the Pressvac.

 e) On or about July 20, 1999, defendants caused to be submitted a Shippers's Export Declaration to accompany the export which did not identify the ultimate consignee and listed the equipment shipped as a "Ceramvac" system, with a value of $325,500.

 f) On or about August 10, 2000, defendant KOVACS told an employee to testify falsely about the purpose of the May 1999 visit to ELATEC by the engineers from the original customer.

(Conspiracy to Commit Offenses Against the United States, Aiding, Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 371 & 2).

## COUNT TWO

1. Paragraphs 1-5 of the Indictment are realleged and expressly incorporated as if set out in full herein.

2. Before on or about July 20, 1999, within the District of Columbia and elsewhere, the defendants, WILLIAM KOVACS, ELATEC TECHNOLOGY CORP., INC., and foreign trading company, and others known and unknown to the Grand Jury did knowingly and willfully fail to obtain from the United States Department of Commerce, located in the District of Columbia, a validated license required for the export of an industrial furnace, of a value of $325,500,

which they then did knowingly export and cause to be exported from the United States to a restricted end-user in the PRC.

**Failure to Obtain an Export License**, in violation of Title 50, United States Code, Sections 1701-1705, and Title 15, Code of Federal Regulations §§ 736.2(b)(5), 744.3, 764.2(a),(b), (e), 764.3(b); Aiding and Abetting, 18 U.S.C. § 2).

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]* Roscoe C. Howard, Jr. / JB
Attorney of the United States in
and for the District of Columbia

7

# WARRANT FOR ARREST

CO-180 (Rev. 3/93)

| UNITED STATES DISTRICT COURT | FOR THE DISTRICT OF COLUMBIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>William Kovacs,<br>Elatec Technology Corp. Inc.<br><br>DOB: 8/20/42    PDID: | DOCKET NO: 03-503 RJL    MAGIS. NO:<br>NAME & ADDRESS OF INDIVIDUAL TO BE ARRESTED<br>William Kovacs<br>252-260 Primose<br>Haverhill, MA |
| WARRANT ISSUED ON THE BASIS OF:<br>Indictment | DISTRICT OF ARREST |
| TO: ANY UNITED STATES MARSHAL OR OTHER AUTHORIZED OFFICER | CITY |

**YOU ARE HEREBY COMMANDED** to arrest the above-named person and bring that person before the nearest available Magistrate Judge to answer to the charge(s) listed below.

### DESCRIPTION OF CHARGES

Conspiracy to Commit Offense Against the United States
International Emergency Economic Powers Act
Aiding and Abetting
Export Administration Regulations

| IN VIOLATION OF: | UNITED STATES CODE TITLE & SECTION:<br><br>18 U.S.C. § 371,    18 U.S.C. § 2<br>50 U.S.C. § 1701, 1705,    15 C.F.R. § § 736.2(b)(5), 744.3, 764.2(a),<br>(b), (e), 764.3(b) | |
|---|---|---|
| BAIL FIXED BY COURT:<br>HWOB | OTHER CONDITIONS OF RELEASE: | |
| ORDERED BY:<br>Magistrate Judge Kay | SIGNATURE (JUDGE/MAGISTRATE JUDGE)<br>ALAN KAY<br>U.S. MAGISTRATE JUDGE | DATE ISSUED:<br>November 14, 2003 |
| CLERK OF COURT:<br>Nancy Mayer-Whittington | BY DEPUTY CLERK | DATE: |

### RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |